**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| De Lage Landen Financial Services Incorporated,<br><br>              Plaintiff,<br><br>vs.<br><br>Dynamic Imaging Distribution LLC, et al.,<br><br>              Defendants. | No.  CV-19-01461-PHX-SPL<br><br>**ORDER** |

Before the Court is a Motion for Default Judgment (the "Motion") filed by De Lage Landen Financial Services Inc. ("Plaintiff"). (Doc. 55) No response to the Motion has been filed. For the reasons that follow, the Court will grant the Motion in part.

**I.   Background**

On March 4, 2019, Plaintiff filed the Complaint against Dynamic Imaging Distribution LLC ("Defendant"),[1] alleging several breach of contract claims arising from equipment lease agreements. (Doc. 1) Defendant appeared in the case and answered the Complaint on April 22, 2019. (Doc. 12) On December 19, 2019, the Court granted Defendant's counsel's ex parte application to withdraw as counsel and ordered Defendant to obtain new counsel. (Doc. 40) On January 6, 2020, Plaintiff filed a motion for summary judgment. (Doc. 43) On January 21, 2020, Defendant filed a motion for extension of time

---

[1] Plaintiff also named several unknown parties as defendants in this case. However, the unknown parties were never ascertained, and Plaintiff files the Motion solely against Dynamic Imaging Distribution LLC. (Doc. 55)

to retain new counsel, and the Court granted the motion. (Docs. 46, 49) Defendant has not appeared in this case since January.

On March 2, 2020, Plaintiff filed an application for entry of default. (Doc. 50) The Clerk of Court entered default the next day. (Doc. 51) On March 9, 2020, Plaintiff filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. 52) The Court denied the motion without prejudice, finding that Plaintiff failed to address the required factors as outlined in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). (Doc. 52) Plaintiff then filed the Motion, addressing the *Eitel* factors. (Doc. 55)

**II.    Discussion**

Once a default has been entered, the district court has discretion to grant a default judgment. *See* Fed. R. Civ. P. 55(b)(2). Factors the court may consider include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel*, 782 F.2d at 1471-72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

**A.    Possible Prejudice to Plaintiff**

The first factor weighs in favor of granting the Motion. Defendant has not appeared in this action since January 21, 2020. (Doc. 46) If Plaintiff's motion is not granted, then Plaintiff will likely be without other recourse for recovery.

**B.    Merits of Plaintiff's Claims and the Sufficiency of the Complaint**

When the complaint sufficiently states a claim for relief, the second and third factors favor a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). The Court finds that, taking the allegations in the Complaint at true, Plaintiff has sufficiently stated claims for relief against Defendant.

**C.    Amount of Money at Stake**

Under the fourth factor, "the court must consider the amount of money at stake in

relation to the seriousness of Defendant's conduct." *Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003). Plaintiff carries the burden of proving its damages and requests for other relief. *See Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

### 1. Damages

Plaintiff seeks damages in the amount of $588,205.93 plus $154,541.47 in accrued interest through December 26, 2019, totaling $742,747.40. (Doc. 55 at 4) However, Plaintiff also submits an affidavit stating that the amount owed in principal and interest as of December 26, 2019 totals $723,261.16. (Docs. 44-1; 55 at 5-6) Plaintiff further requests accruing interest on the principal amount of $588,205.93 at the rate of 18% per annum from December 27, 2019 until entry of judgment, in addition to post-judgment interest on the principal amount following entry of judgment at the applicable federal rate until paid in full. (Doc. 55 at 4)

The Court finds that $723,261.16 is an appropriate amount of damages in this case because the amount is ascertainable and verified by supporting documentation. The Court further finds that accruing interest on the principal amount at the rate of 18% per annum from December 27, 2019 to the date of the entry of judgment is appropriate in this case. The Court does not find that Plaintiff's request for post-judgment interest is appropriate in this case.

### 2. Attorney's Fees and Costs

Plaintiff seeks attorney's fees in the amount of $23,921.40 and costs in the amount of $683.39. (Doc. 55 at 4) Plaintiff did not submit any accounting records or affidavits to verify the requested amount of attorney's fees and costs. In addition, Plaintiff's counsel did not submit any accounting records or affidavits justifying the claim for attorney's fees and costs. Therefore, the Court finds that Plaintiff has not sufficiently proven its entitlement to attorney's fees and costs in this case.

### D. Possible Dispute Concerning Material Facts

Given the sufficiency of the Complaint and Defendant's default, the Court finds that

no genuine dispute of material facts would preclude granting the Motion.

### E. Whether Default Was Due to Excusable Neglect

Defendant initially appeared in this case but has not responded for six months. The Court finds that it is unlikely that Defendant's failure to respond to Plaintiff's motion for summary judgment and the resulting default was the result of excusable neglect.

### F. The Policy Favoring a Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) indicates that this preference, standing alone, is not dispositive. Moreover, Defendant's unexplained absence at this juncture of the case makes a decision on the merits impossible. The Court therefore is not precluded from entering default judgment against Defendant. *See Emp. Painters' Tr. v. Ethan Enter., Inc.*, 480 F.3d 993, 1000-01 (9th Cir. 2007).

## III. Conclusion

Having reviewed Plaintiff's motion and supporting documents, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate. Accordingly,

**IT IS ORDERED:**

1. That Plaintiff's Motion for Default Judgment (Doc. 55) is **granted in part**;
2. That default judgment is entered pursuant to the Federal Rule of Civil Procedure 55(b)(2) in favor of Plaintiff De Lage Landen Financial Services Incorporated against Defendant Dynamic Imaging Distribution LLC for the amount of $723,261.16 plus pre-judgment interest on the principle sum at the rate of 0.18 per annum from December 27, 2019 until the date of this Order;

///
///
///
///
///

4

3. That all outstanding motions are denied as moot; and

4. That the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 8th day of June, 2020.

Honorable Steven P. Logan
United States District Judge